J-A07040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYWON D. BAKER | : | |
| | : | |
| Appellant | : | No. 315 MDA 2019 |

Appeal from the PCRA Order Entered January 24, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002036-2007,
CP-22-CR-0002041-2007, CP-22-CR-0002053-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYWON D. BAKER | : | |
| | : | |
| Appellant | : | No. 1140 MDA 2020 |

Appeal from the PCRA Order Entered January 24, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002036-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYWON D. BAKER | : | |
| | : | |
| Appellant | : | No. 1141 MDA 2020 |

Appeal from the PCRA Order Entered January 24, 2019

In the Court of Common Pleas of Dauphin County Criminal Division at No(s): CP-22-CR-0002041-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYWON D. BAKER | : | |
| | : | |
| Appellant | : | No. 1142 MDA 2020 |

Appeal from the PCRA Order Entered January 24, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at No(s): CP-22-CR-0002053-2007

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 12, 2020**

Tywon Baker has appealed *pro se* from the order entered January 24, 2019, denying his fifth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We initially quashed this appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018), because Baker had filed a single notice of appeal from an order disposing of issues on multiple trial court dockets.

Baker sought reconsideration, and we entered an order granting him leave to file the additional notices of appeal. Baker filed the additional appeals, which we now consolidate, but we have determined that we nonetheless must quash because we lacked the authority to treat the additional appeals as timely. Baker indisputably initiated the additional appeals after the 30-day

appeal period had expired, and we cannot extend that period. *See* Pa.R.A.P. 105(b) (prohibiting appellate courts from "enlarg[ing] the time for filing a notice of appeal"); G. Ronald Darlington *et al.*, 20 West's Pa. Appellate Practice § 903:2 ("In light of the fact that appeal periods are jurisdictional, and in light of Pa.R.A.P. 105(b), an appellate court may not enlarge an appeal period.").[1] Because the additional appeals were filed late, and the original notice of appeal was from an order disposing of issues on four separate trial court dockets, we must quash these appeals. *See* Pa.R.A.P. 903; *Walker*, 185 A.3d at 971.

In any event, even if we did not quash, we would nonetheless affirm the order dismissing Baker's PCRA petition, as it was itself untimely. Baker filed the instant petition, his fifth, on October 12, 2018. He claimed to have met the new constitutional right exception to the PCRA's time-bar, based on *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018). He further claimed to have met the new facts exception, citing *McCoy* and a newspaper article mentioning the resignation of the judge who presided at his guilty plea hearing. On appeal, he again raises these points.

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves" one of the three statutory exceptions. *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote

---

[1] *Cf. Reading Anthracite Co. v. Rich*, 577 A.2d 881, 886 (Pa. 1990) (noting statutory and jurisdictional nature of appeal period and stating that trial courts lack authority to expand appeal period).

omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Baker's judgment of sentence became final on July 23, 2008, when his time for seeking direct review with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). The present petition, filed more than 10 years later, is patently untimely. Therefore, the PCRA court lacked jurisdiction unless Baker successfully pleaded and proved at least one of the exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Baker has not satisfied either the new fact exception or the new constitutional right exception. *McCoy* does not satisfy the new fact exception because a judicial decision is not a "fact," at least for this purpose. *See Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011). His claim to the new constitutional right exception likewise fails, because the court that announced the right, the United States Supreme Court, has not held that

*McCoy* applies retroactively on collateral review, as Section 9545(b)(1)(iii) requires.

Finally, we conclude that Baker cannot successfully avail himself of the new fact exception through the newspaper article concerning the plea judge. The article does not relate to any allegation on which Baker has predicated any claim. As the PCRA court reasoned, "[T]he newspaper article that Petitioner seeks to rely on has no evidentiary impact on his decision to enter a knowing, intelligent, and voluntary plea." PCRA Court Opinion, 10/24/18, at 4. Although Baker's Statement of Questions Involved includes a claim that *Boykin v. Alabama*, 395 U.S. 238, 244, 274 (1969), exempts him from the PCRA's timeliness requirements, the Argument section of his brief contains only a few sentences about *Boykin*, none of which relate to the time-bar. Furthermore, he appears not to have raised this claim before the lower court. He therefore waived the issue, and in any event, we have found nothing in *Boykin* to support such a claim.

Cases consolidated. Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2020